Filing # 129893206 E-Filed 07/01/2021 11:14:29 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO:

TOYOTA TURNER,

    Plaintiff,

vs.

CHIPOTLE MEXICAN GRILL OF COLORADO LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, TOYOTA TURNER, by and through the undersigned counsel, hereby sues Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO LLC, and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, TOYOTA TURNER, is a natural person residing in Palm Beach County, Florida.

3. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO LLC, is a Foreign limited liability company licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO LLC LLC, was the owner and in possession of the Chipotle Mexican Grill restaurant located at 1666 N Federal Hwy, Suite A, Boca Raton, FL 33432, which was open to the general public, including the Plaintiff herein.

5. On or about April 27, 2021, Plaintiff, TOYOTA TURNER, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, TOYOTA TURNER, was lawfully a guest upon the premises of the Defendant who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

7. At said time and place, Plaintiff, TOYOTA TURNER, entered Defendant's restaurant identified above when she suddenly and unexpectedly tripped over the defectively raised portion of Defendant's interlocking rubber floor mat located inside the restaurant near the entranceway, causing Plaintiff, TOYOTA TURNER, to suffer severe injuries.

## Count I – Negligence Against Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO LLC

8. Plaintiff realleges and reasserts the allegations contained within paragraphs 1 through 7 as if fully set forth herein.

9. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises of which Defendant had actual or constructive knowledge.

10. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the premises, including but not limited to the entranceway and defective floor mat, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the premises, including but not limited to the entranceway and defective floor mat, to ascertain whether this area constituted a hazard to patrons, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the defective floor mat in the entranceway, when Defendant knew or through the exercise of reasonable care should have known that they were unreasonably dangerous, and that Plaintiff was unaware of same;

e) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the premises for dangerous conditions;

f) Negligently failing to follow its own corporate policy(ies) regarding the maintenance of entranceway floor mats;

g) Negligently failing to act reasonably under the circumstances;

h) Negligently engaging in practices that created the dangerous condition alleged herein;

i) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

j) Negligently selecting the floor mat when, based on Defendant's experience, Defendant knew or should have known was defective or was prone to becoming defective such that its interlocking pieces would come part during use, or by some other occurrence through no fault of the Plaintiff;

k) Negligently installing the floor mat when, based on Defendant's experience, Defendant knew or should have known was defective or was prone to becoming defective such that its interlocking pieces would come part during use, or by some other occurrence through no fault of the Plaintiff;

l) Negligently using the floor mat when, based on Defendant's experience, Defendant knew or should have known was defective or was prone to becoming defective such that its interlocking pieces would come part during use, or by some other occurrence through no fault of the Plaintiff; and

m) Negligently failing to replace the floor mat when, based on Defendant's experience, Defendant knew or should have known was defective or was prone to becoming defective such that its interlocking pieces would come part during use, or by some other occurrence through no fault of the Plaintiff.

11. As a result, while Plaintiff was visiting Defendant's business, she suddenly and unexpectedly tripped and fell over the defectively raised portion of Defendant's interlocking mat located in the entranceway of Defendant's Chipotle Mexican Grill restaurant, sustaining significant personal injuries.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff tripped over the suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.

13. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TOYOTA TURNER, sues the Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO LLC LLC, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 1st day of July, 2021.

/s/ Rico D. Lively
Rico D. Lively, Esquire
FBN 1000373
Morgan & Morgan, P.A.
8151 Peters Road, 4th Floor
Plantation, FL 33324
Telephone: 954-327-2318
Facsimile: 954-210-7383
Primary
email: rlively@forthepeople.com
Secondary
email: rdlpleadings@forthepeople.com; dlewis@forthepeople.com

Attorneys for Plaintiff