UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-81898-CANNON/REINHART

TOYOTA TURNER,

                Plaintiff,

vs.

CHIPOTLE MEXICAN GRILL OF
COLORADO, LLC,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMAND (ECF No. 13)

With the instant motion, which has been referred to me by the Honorable Aileen M. Cannon (ECF No. 16), Plaintiff Toyota Turner seeks leave to amend her Complaint to add a non-diverse defendant and for an order remanding this matter back to state court. ECF No. 13. Defendant Chipotle Mexican Grill (Chipotle) opposes the relief sought, citing Ms. Turner's "undue delay" and gamesmanship in bringing the motion (the "sole purpose" of which, it alleges, is to defeat diversity jurisdiction), and claiming that Chipotle will suffer "substantial undue prejudice" if the amendment and remand are permitted. ECF No. 14. I recommend that Ms. Turner's Motion to Amend and Remand be **Granted.**

## BACKGROUND

Ms. Turner filed her initial Complaint in state court against Chipotle on July 1, 2021, claiming that during a visit to the restaurant on April 27, 2021, she tripped over a "defectively raised portion of [the] interlocking rubber floor mat located inside

the restaurant near the entranceway" causing her to suffer severe injuries. ECF No. 1-2. Specifically, Ms. Turner states that she suffered injuries to her shoulder and neck as a result of the trip and fall. ECF No. 13 at 3.

On June 23, 2021, one week before filing her state court Complaint, Ms. Turner was involved in a car accident caused by James McInerney (a Florida resident), who rear-ended Ms. Turner's car. ECF No. 13 at 1. Ms. Turner states that this accident also caused her to suffer injuries to her neck. *Id.* at 3.

Chipotle first became aware of Ms. Turner's car accident when she responded to Chipotle's Request for Admissions on September 16, 2021, although she stated that she did not yet know the permanency of her injuries. ECF No. 1-4 at 2. On October 12, 2021, Chipotle filed its Notice of Removal transferring the case to this Court. In a joint report filed on November 1, 2021, the parties represented to Judge Cannon that "At this preliminary stage, the parties do not foresee the likely appearance of any additional parties, however the parties acknowledge that discovery is ongoing and may result in discovery of potential additional parties." ECF No. 5 at 2-3.

On December 9, 2021, in response to Chipotle's interrogatories, Ms. Turner disclosed additional details about her June 23rd car accident and her injuries. ECF No. 14-1 at 16. Then, on January 4, 2022, Ms. Turner sought to amend her Complaint to add Mr. McInerney as a defendant. ECF No. 11. This was within the deadline of February 1, 2022, that Judge Cannon's scheduling order set for the parties to move to join additional parties or amend the pleadings. ECF No. 6.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Farach-Loveira v. Cleveland Steel Tool Co.*, No. 19-21403-CIV, 2019 WL 11506124, at *1 (S.D. Fla. Aug. 23, 2019) (citing 28 U.S.C. § 1447(e)), report and recommendation adopted, No. 19-21403-CIV, 2019 WL 11506125 (S.D. Fla. Sept. 17, 2019). *See also Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). This decision is committed to the sound discretion of the district court. *Farach-Loveira*, 2019 WL 11506124 at *1 (citation omitted).

> Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. That is, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure . . . and should deny leave to amend unless strong equities support the amendment.

*Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) and *Kleopa v. Prudential Inv. Management, Inc.*, 2009 WL 2242606, at *2 (S.D. Fla. July 27, 2009)).

Thus, the Court must balance the defendant's interests in maintaining the federal forum against the competing interest of avoiding parallel lawsuits. *Farach-Loveira*, at *2 (citing *Hensgens*, 833 F.2d at 1182). "In applying this balancing test, the district court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in

asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Id.* In assessing whether the plaintiff's purpose in seeking to add a non-diverse defendant post-removal is to destroy federal jurisdiction, "courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed." *Seropian v. Wachovia Bank, N.A.,* No. 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010).

Here, Ms. Turner contends that although her car accident occurred before she filed the instant trip and fall lawsuit against Chipotle in state court, she did not involve her attorney in the car accident matter until after this lawsuit was filed. ECF No. 15 at 3. According to Ms. Turner, it was only with the passage of time and ongoing medical treatment for her continued neck pain following the car accident did it become evident that injuries she suffered from both incidents were in fact indivisible. *Id.*

Here, even assuming that Ms. Turner knew that her car accident was caused by a Florida resident, Mr. McInerney, before her attorney filed the instant trip and fall lawsuit against Chipotle, I do not find that Ms. Turner's purpose in later seeking to join Mr. McInerney in this lawsuit was to defeat diversity jurisdiction. The facts here are distinguishable from cases where a single incident involves multiple tortfeasors, but the plaintiff delays in adding a non-diverse tortfeasor as a defendant until after the case is removed to federal court. Unlike those cases, here, Ms. Turner was involved in two separate incidents, the second one occurring only days before her

4

attorney filed her initial lawsuit. This constitutes a reasonable explanation for not naming Mr. McInerney as a defendant from the start. Moreover, I find that the reason Ms. Turner now seeks to add a non-diverse defendant is not to defeat diversity jurisdiction; rather it is the result of her gradual realization about the nature and extent of her subsequent injuries and the applicability of Florida's indivisible injury law. Therefore, this factor weighs in favor of joinder and remand.

Despite finding that Ms. Turner's purpose in seeking to join Mr. McInerney as a defendant is not to defeat federal jurisdiction, I nevertheless find that Ms. Turner was dilatory in seeking leave to amend. Ms. Turner's trip and fall lawsuit remained in state court for three-and-one-half months before Chipotle filed its notice of removal. Thus, even assuming Ms. Turner needed time to investigate the car accident and discern the nature of her injuries, I find that she had adequate time to do so and add her claims against Mr. McInerney to the lawsuit before Chipotle removed this case to federal court. *See Seropian,* 2010 WL 2822195, at *4 (finding plaintiff dilatory in seeking to add a non-diverse defendant after removal because plaintiff knew the non-diverse defendant's identity and her purported role in the underlying facts prior to removal and "there [was] no apparent reason for waiting to add a defendant until after the case was removed"). This factor weighs against joinder and remand.

With regard to the third factor, I find that Ms. Turner will be significantly prejudiced if she is denied leave to amend her Complaint. Although Ms. Turner can proceed with these lawsuits separately in federal and state court, Florida's indivisible

5

injury rule affords her greater protection and militates in favor of a single proceeding.

Florida's indivisible injury rule applies to negligence actions "when a person is injured by the wrongful act of one tortfeasor and that injury is subsequently aggravated by the wrongful act of another tortfeasor." *Univ. of Miami v. Francois*, 76 So. 3d 360, 364 (Fla. Dist. Ct. App. 2011). In *Gross v. Lyons*, 763 So. 3d 276 (Fla. 2000), the Supreme Court of Florida concluded that "where the plaintiff sues the first of two successive tortfeasors and establishes liability, but the jury cannot apportion the injury between the two after both parties have had the opportunity to present evidence on the issue, the first tortfeasor will be liable for the entire injury." *Id.,* 763 So.3d at 279. In other words, "a tortfeasor is liable for the 'entire unapportionable injuries' sustained by a plaintiff, even if those injuries were heightened by prior [or subsequent] incidents for which the defendant cannot be held liable." *Myers v. Central Fla. Invs., Inc.*, 592 F.3d 1201, 1214 (11th Cir. 2010) (quoting *Gross*, 763 So. 3d at 279). "This is true although the original tortfeasor and the subsequently negligent [tortfeasor] are independent tortfeasors and not jointly and severally liable for one common injury." *Francois*, 76 So.3d at 365.

According to Ms. Turner, "litigating two separate cases where there is an indivisible injury will compromise both [of] Plaintiff's claim[s]" since each defendant will argue that Ms. Turner's injury was caused by the other incident. ECF No. 15 at 4. Ms. Turner contends that if the cases are tried separately, and each jury attributes her injuries to the other incident, she could be denied any remedy. *Id.* However, if her motion for leave to amend the Complaint and remand the matter is permitted,

6

"one jury will have the opportunity to find that the injury was indivisible" and that it cannot be apportioned between the two events, resulting in a verdict against both Defendants. *Id.* at 5. Based on the foregoing, I find that the balance of the equities weighs in favor of allowing Ms. Turner to amend her Complaint to add Mr. McInerney as a non-diverse defendant and that the matter should then be remanded to state court.

## RECOMMENDATION

Accordingly, I **RECOMMEND** that Plaintiffs' Motion to Amend the Complaint and to Remand the case be **GRANTED**. ECF No. 13.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 4th day of April, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE