UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81898-CIV-CANNON/Reinhart

TOYOTA TURNER,

    Plaintiff,
v.

CHIPOTLE MEXICAN GRILL
OF COLORADO, LLC,

    Defendant.
_____/

## ORDER ACCEPTING R&R AND REMANDING CASE

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "Report") [ECF No. 19], entered on April 4, 2022. The Report recommends that Plaintiff's Motion to Amend the Complaint and to Remand ("Motion to Amend") [ECF No. 13] be granted. On April 18, 2022, Defendant filed Objections to the Report [ECF No. 20]. The Court has conducted a de novo review of the Report, Defendant's Objections, and the full record. Following that review, the Court **ACCEPTS** the Report but offers the following supplementary analysis in response to Defendant's objections.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff originally filed her complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on July 1, 2021 [ECF No. 1-3 pp. 26–29]. Plaintiff alleges that, while visiting Defendant's premises on April 27, 2021, she "suddenly and unexpectedly tripped over the defectively raised portion of Defendant's interlocking rubber floor mat," causing her to sustain severe injuries [ECF No. 1-3 p. 27]. Plaintiff asserts a single claim for common law negligence against Defendant [ECF No. 1-3 pp. 27–29].

On June 23, 2021, nearly two months after Plaintiff sustained her injuries on Defendant's premises, Plaintiff was involved in a car accident, "where James McInerney negligently rear-ended Plaintiff's vehicle," causing similar injuries to the ones Plaintiff sustained on Defendant's premises [ECF No. 11 p. 1]. While litigating her cause of action against Defendant in state court, Plaintiff did not file a separate action against McInerney or amend her complaint to add McInerney as a defendant—but admitted to being involved in a car accident in her Answers to Defendant's Request for Admissions [ECF No. 1-4 p. 2 ("You have been involved in one (1) or more motor vehicle accidents subsequent to the subject incident. Admitted.")].

On October 12, 2021, Defendant removed this action to federal court, asserting diversity jurisdiction [ECF No. 1 p. 3]. On January 4, 2022, prior to the expiration of the deadline to amend pleadings, Plaintiff moved to add McInerney as a defendant, stating that the injuries she suffered on Defendant's premises and the injuries she sustained from the car accident are indivisible [ECF No. 13 p. 3]. Plaintiff explains that, "[a]s investigations regarding the car crash commenced, Plaintiff sought medical care and treatment as she continued to experience symptoms of pain to her neck," and that "evidence of an indivisible injury became more and more present" [ECF No. 15 p. 3]. Because Plaintiff and McInerney are both citizens of Florida, upon entry of the Amended Complaint, all parties agree that subject matter jurisdiction would be destroyed due to lack of diversity of citizenship.

Defendant opposes the Motion to Amend on various grounds [ECF No. 14]. First, Defendant maintains that Plaintiff seeks to add McInerney as a defendant for the sole purpose of destroying diversity because she knew about McInerney's identity prior to filing the initial complaint in state court yet waited until the case was removed to file the motion to amend [ECF No. 14 p. 12]. Second, as Judge Reinhart determined in the Report, Plaintiff was dilatory in

2

filing her motion to amend, waiting 195 days to amend the complaint after the date of the car accident [ECF No. 14 p. 15]. Third, Defendant asserts that Plaintiff will not suffer significant injury if her motion is denied because Plaintiff had "ample time" to pursue her claims against McInerney in state court [ECF No. 14 p. 14]. And fourth, Defendant says that, if leave to amend is granted, the Court should "require Plaintiff to pay just cost and any actual expenses, including attorney fees that the Defendant has incurred as a result of removal" [ECF No. 14 p. 16].

On April 4, 2022, Judge Reinhart issued the instant Report recommending that Plaintiff's Motion to Amend be granted [ECF No. 19]. The Report determines that the purpose of Plaintiff's amendment was not to defeat diversity but to accommodate Plaintiff's gradual realization of "the nature and extent of her subsequent injuries and the applicability of Florida's indivisible injury law" [ECF No. 19 p. 5]. The Report does find, however, that Plaintiff was dilatory in seeking leave to amend and could have added McInerney as a defendant while in state court [ECF No. 19 p. 5 ("Ms. Turner's trip and fall lawsuit remained in state court for three-and-one-half months before Chipotle filed its notice of removal.")]. Nevertheless, the Report concludes that Plaintiff would be "significantly prejudiced" if denied leave to amend because she would be forced to proceed in two separate suits; each defendant could argue that Plaintiff's injury was caused by the other incident; and Plaintiff could be denied any remedy if a jury attributed her injuries to the other incident [ECF No. 19 pp. 5–7]. Balancing the equities, the Report ultimately recommends that Plaintiff be permitted to amend her complaint to add McInerney as a non-diverse defendant, the effect of which would be to require remand to state court.

Defendant objects to the Report on two grounds: that Plaintiff did not seek leave to add a non-diverse party for the purpose of defeating diversity jurisdiction, and that Plaintiff will be significantly prejudiced if leave to add a non-diverse party is denied [ECF No. 20].

CASE NO. 21-81898-CIV-CANNON/Reinhart

The Report is ripe for adjudication.

## LEGAL STANDARD

"If after removal[,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under Section 1447(e), a court faced with such a proposed amended complaint has two options: (1) it may deny joinder; or (2) it may permit joinder, but if it does so, it must remand the case to state court. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). The Eleventh Circuit "has no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885 (11th Cir. 2020). The Eleventh Circuit has, however, considered persuasive the balancing test from the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Under that test, factors to consider when faced with a motion to amend that would defeat diversity include: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Id*. "This decision is committed to the sound discretion of the district court." *Farach-Loveira v. Cleveland Steel Tool Co.*, No. 19-21403-CIV, 2019 WL 11506124, at *1 (S.D. Fla. Aug. 23, 2019).

## DISCUSSION

Upon review, the Court agrees with the analysis in the Report and concludes that Plaintiff's Motion to Amend should be granted despite Defendant's objections to the contrary.

Defendant contends that the Magistrate erred in finding that Plaintiff did not seek leave to add a non-diverse party for the purpose of defeating diversity jurisdiction [ECF No. 20 pp. 2–7].

4

Although it is true that amendment will have the effect of destroying diversity jurisdiction, and although Defendant's view of Plaintiff's purpose is consistent with *a* version of the facts, the Court ultimately agrees with the Report that amendment is warranted. Despite Plaintiff's delay in seeking amendment, Plaintiff has provided a satisfactory explanation that subsequent medical care related to Plaintiff's two separate injuries revealed an indivisible injury [ECF No. 15 p. 3]. Moreover, after removal to federal court, Plaintiff obtained new counsel who recognized the issue and filed the appropriate motion to add McInerney on the same day counsel entered a notice of appearance [ECF No. 10]. Considering these facts collectively, Plaintiff has provided a sufficient justification to overcome Defendant's suggestions of diversity-driven purpose.

Defendant further objects to the Magistrate's finding that Plaintiff will be significantly prejudiced if leave to add a non-diverse party is denied. In Defendant's view, "Plaintiff has not made any showing that Ms. Turner will be completely prevented from obtaining full relief on her claims in this Court should her amendment be denied" [ECF No. 20 p. 8]. Under Florida law, however, "[a] plaintiff who is injured in two successive accidents may bring one suit where the accidents cause the same or similar injuries[,] and it is difficult or impossible to apportion the injuries between the two tortfeasors." *Froats v. Baron*, 883 So. 2d 885, 887 (Fla. 5th Dist. Ct. App. 2004). Plaintiff reasonably argues that, if leave to amend were denied, Plaintiff would be disadvantaged by being forced to pursue her claims against Defendant and McInerney in separate forums, resulting in duplicate and possibly self-defeating litigation. *See Tech. Olympic USA, Inc. v. Deutsche Bank Tr. Co. Americas*, No. 06-61830-CIV, 2007 WL 9700946, at *6 (S.D. Fla. Mar. 19, 2007) ("[I]f joinder is disallowed, plaintiff will be forced to pursue parallel actions in State and federal court, resulting in a clear waste of judicial resources") (citation omitted)); *Heininger v. Wecare Distributors, Inc.*, 706 F. Supp. 860, 862–63 (S.D. Fla. 1989) ("[H]aving both defendants

as parties to this action will promote the efficient use of judicial resources"). On these facts, therefore, although Defendant has presented fair arguments to the contrary, the Court concludes that the most prudent course of action is to allow Plaintiff to add McInerney, a nondiverse party, as a defendant in this case—thus necessitating remand.

This leaves Defendant's request to require Plaintiff to pay the costs and fees associated with Defendant's removal of this case [ECF No. 14 p. 16]. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Bujanowski v. Kocontes*, 359 F. App'x 112, 113–14 (11th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005)). A plaintiff's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141. Whether to award costs or attorney fees under 28 U.S.C. § 1447(c) is within the discretion of the trial court. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005).

Here, in light of the Magistrate's correct and unobjected-to finding that Plaintiff was dilatory in seeking leave to amend the complaint despite knowledge of McInerney's identity in the state court proceedings,[1] the Court exercises its discretion to require Plaintiff to pay the costs and fees associated with Defendant's removal of this case.

---

[1] ECF No. 19 p. 5 ("Ms. Turner's trip and fall lawsuit remained in state court for three-and-one-half months before Chipotle filed its notice of removal.")]

CASE NO. 21-81898-CIV-CANNON/Reinhart

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 19] is **ACCEPTED**.

2. Plaintiff's Motion to Amend [ECF No. 13] is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

4. Plaintiff's Amended Complaint [ECF No. 13-1] shall serve as the operative complaint on remand.

5. The Court retains jurisdiction of this matter for the sole purpose of determining the amount of reasonable attorneys' fees and costs to which Defendant is entitled in connection with its removal of this case pursuant to 28 U.S.C. § 1447(c).

6. **On or before May 25, 2022**, Defendant shall file a motion for attorneys' fees and costs, providing supporting documentation for the fees and costs requested.

7. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of May 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record